# Exhibit "A"

# NOTE

**$292,161.85**

**50 CLAYTON ROAD, GLENSIDE, PENNSYLVANIA 19038**

1. **DEFINITIONS**

The headings at the beginning of each section are for convenience only and are not to be used in interpreting the text of the section. "I" means the terms that apply to this loan. "I", "me" or "my" means each Borrower who signs this Note and each other person or legal entity (including guarantors, endorsers and sureties) who agrees to pay this Note (together referred to as "us"). The Borrower is **NIC MARIE REALTY, LLC and NICOLE ARMOND, INDIVIDUALLY**.

2. **BORROWER'S PROMISE TO PAY**

For value received, I promise to pay U.S. **$292,161.85** (this amount is called "principal"), plus interest to the order of the Lender. The Lender (together referred to as "you") is **CHERRY HILL MALL DRIVE, LLC**.

I will make all payments under this Note in the form of cash, electronic funds transfer, check or money order. No additional advances are contemplated under this Note.

3. **INTEREST**

I agree to pay interest on the outstanding principal balance at the rate of **14.00%** per year until the full amount of principal has been paid. All payments will be made to the Lender at the address shown above or to a different place if required by the Lender.

POST MATURITY DATE: I agree to pay interest on the unpaid balance of this Note owing after maturity, and until paid in full, at the rate of 14.00%.

For purposes of this paragraph, maturity occurs:
(1)     On the date of the last scheduled payment of principal; or
(2)     On the date you accelerate the due date of this loan (demand immediate payment).

4. **PAYMENTS**

I will make payments until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Unless otherwise required by law, each payment I make on this loan will be applied first to any charges I owe you other than principal and interest, then to interest that is due, and finally to principal. I will make my monthly payment on the first day of each month beginning on **January 20, 2022**. The final payment of the entire unpaid balance of principal and interest will be due on or before **March 20, 2022**, which is called the "Maturity Date".
I will make my monthly payments to CHERRY HILL MALL DRIVE, LLC, 4 Pinewood Court, Princeton Junction, New Jersey, or at a different place if required by the Note Holder. My monthly payment will be in the amount of U.S. **$3,461.74**.

The actual amount of my final payment will depend on my payment record. If any payment made under this loan does not include the full amount of interest due, the overdue interest will become payable at maturity when the loan is finally discharged. Any overdue interest accumulation will be separate from the principal balance. Only the unpaid principal balance (excluding unpaid interest) will be the basis for calculations of interest due.

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell you in writing that I am doing so. I may make a full or partial prepayment without paying any prepayment penalty. You will use all of my prepayments to reduce the amount of principal that I owe under this Note. I must still make each later payment in the original amount as it becomes due until this Note is paid in full so that the effect of principal prepayments will be to shorten the loan's term and thus to reduce the total interest.

    X    **BALLOON PAYMENT.** This loan is payable in full at maturity. I must repay the entire principal balance of the loan and unpaid interest then due which may result in a final payment that is substantially greater than the previous installments. The Lender is under no obligation to refinance the loan at that time, unless it unconditionally obligates itself to do so. I will, therefore, be required to make payment out of other assets that I may own, or I will have to find a Lender, which may be the Lender I have this loan with, willing to lend me the money. If I refinance this loan at maturity, I may have to pay some or all of the closing costs normally associated with a new loan even if I obtain refinancing from the same Lender.

**NOTE:** If this Note has not been paid in full by the maturity date, the Lender, at its sole discretion may agree to extend said maturity date one time (by ½ of the original term (45 days)). In consideration for this extension, I shall make a payment of two (2) points, $5,843.23, which payment will not be applied against the interest or principal due.

**LATE CHARGE:**

(A)    Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of five (5) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be $150.00. I will pay this late charge promptly but only once on each late payment.

(B)    Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default; however, a late payment with late fee charges shall cancel this default provision.

(C)    Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least thirty (30) days after the date on which the notice is mailed to me or delivered by other means. If I should be in default, the provision of the Deed in Lieu of Foreclosure shall have full force and effect.

(D)    No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)    Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

**5.**    **SECURITY**

My obligations under this Note are separately secured by a Mortgage of the same date as this Note.
Any present or future agreement securing any other debt I owe you also will secure the payment of this loan. Property securing another debt will not secure this loan if such property is my principal dwelling and you fail to provide any required notice of right of recission. Also, property securing another debt will not secure this loan to the extent such property is in household goods.

**6.**    **APPLICABLE LAW:** This Note and any agreement securing this Note will be governed by the laws of the State/Commonwealth where the property securing this Note is located. The fact that any part of this Note cannot be enforced will not affect the rest of this Note. Any change to this Note or any agreement securing this Note must be in writing and signed by you and me.

7. **PAYMENTS BY LENDER:** If you are authorized to pay, on my behalf, charges I am obligated to pay (such as property insurance premiums), then you may treat those payments made by you as advances and add them to the unpaid principal under this Note, or you may demand immediate payment of the charges.

8. **REAL ESTATE AND RESIDENCE SECURITY:** If this Note is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by this agreement. Before using a remedy, you will provide me with any notice required by law.

9. **ASSUMPTION:** This Note and any document securing it cannot be assumed by someone buying the secured property from me. This will be true unless you agree in writing to the contrary. Without such an agreement, if I try to transfer any interest in the property securing this Note, I will be in default on this loan. You may proceed against me under any due on sale clause in the security agreement, which is incorporated by reference.

10. **DEFAULT:** Subject to any limitations in the "REAL ESTATE AND RESIDENCE SECURITY" paragraph above, I will be in default on this Note if any of the following occur:
(1) I engage in fraud or material misrepresentation, by my actions or failure to act, in connection with any phase of this Note;
(2) I fail to make a payment on time or in the amount due;
(3) I take any action or inaction which adversely affects the collateral or your rights in the collateral, including but not limited to: (a) failure to maintain property insurance and flood insurance, if required, on the dwelling; (b) transfer of the property; (c) failure to maintain the property; (d) use of the property in a destructive manner; (e) failure to pay taxes on the property; (f) death; (g) the property is taken through eminent domain; (h) a judgment is filed against me and subjects the property to action that adversely affects your interest; or (i) a prior lien holder forecloses on the property and as a result, your interest is adversely affected.

11. **REMEDIES:** Subject to any limitations in the "REAL ESTATE AND RESIDENCE SECURITY" section above, if I am in default on this loan or any agreement securing this loan, you may:
(1) Make unpaid principal, earned interest and all other agreed charges I owe you under this loan immediately due;
(2) Demand more security or new parties obligated to pay this loan (or both) in return for not using any other remedy;
(3) Make a claim for any and all insurance benefits or refunds that may be available on my default;
(4) Use any remedy you have under state or federal law; and
(5) Use any remedy given to you in an agreement securing this loan.
By choosing any one or more of these remedies you do not give up your right to use another remedy later. By deciding not to use any remedy should I be in default, you do not give up your right to consider the event a default if it happens again.

12. **WAIVER:** I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

13. **OBLIGATIONS INDEPENDENT:** I understand that my obligation to pay all of the amounts owed under this loan is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this Note one or more times and for any term, and I will still be obligated to pay this loan. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this loan.

**SIGNATURES: I AGREE TO THE TERMS OF THE NOTE.**

**NOTICE TO BORROWER**

Read this Promissory Note or Loan Agreement before you sign.
Do not sign this Promissory Note or Loan Agreement if it contains blank spaces.
This Promissory Note or Loan Agreement is secured by a Mortgage on your real property.

_____
Witness Valerie A. Mason

_____
Witness Valerie A. Mason

_____ Nicole M. Armond, member   12/20/21
NIC MARIE REALTY, LLC                / Dated

_____   12/20/21
NICOLE ARMOND, INDIVIDUALLY / Dated

 

**RECORDER OF DEEDS
MONTGOMERY COUNTY
*Jeanne Sorg***

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

**MTG BK 15497 PG 00949 to 00954**
INSTRUMENT # : 2022012762
RECORDED DATE: 02/01/2022 08:57:22 AM



6055586-0019

**MONTGOMERY COUNTY ROD**

## OFFICIAL RECORDING COVER PAGE

Page 1 of 6

| | | | |
|---|---|---|---|
| **Document Type:** | Mortgage | **Transaction #:** | 6499112 - 1 Doc(s) |
| **Document Date:** | 12/20/2021 | **Document Page Count:** | 5 |
| **Reference Info:** | | **Operator Id:** | sford |
| **RETURN TO:** (Simplifile)<br>Foundation Snapclose REPUBLIC<br>1424 Easton Rd Ste 100<br>Horsham, PA 19044-1424<br>(215) 293-0212 | | **PAID BY:**<br>FOUNDATION SNAPCLOSE REPUBLIC | |

**\* PROPERTY DATA:**
Parcel ID #:     31-00-06934-00-1
Address:         50 CLAYTON RD

                 PA
Municipality:    Cheltenham Township (100%)
School District: Cheltenham

**\* ASSOCIATED DOCUMENT(S):**

| | |
|---|---|
| **FEES / TAXES:**<br>Recording Fee:Mortgage  $86.75<br>Additional Pages Fee     $2.00<br>Affordable Housing Pages $2.00<br>**Total:**                 **$90.75** | MTG BK 15497 PG 00949 to 00954<br>Recorded Date: 02/01/2022 08:57:22 AM<br><br>I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Montgomery County, Pennsylvania.<br><br><br><br>**Jeanne Sorg**<br>**Recorder of Deeds** |

Rev1 2016-01-29

# PLEASE DO NOT DETACH

THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

**NOTE:** If document data differs from cover sheet, document data always supersedes.
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION**

# MORTGAGE

PARCEL: 31-00-06934-00-1

This mortgage is made on December 20, 2021,

BETWEEN the Borrower(s)

**NIC MARIE REALTY, LLC**

Whose address is 50 Clayton Road, Glenside, Pennsylvania 19038,

referred to as "I"

AND the Lender

**CHERRY HILL MALL DRIVE, LLC**

Whose address is 4 Pinewood Court, Princeton Junction, New Jersey,

referred to as the "Lender"

If more than one Borrower signs this Mortgage, the word "I" shall mean each Borrower named above. The word "Lender" means the original Lender and anyone else who takes this Mortgage by transfer.

1. **Mortgage Note:** In return for a loan that I received, I promise to pay **$292,161.85** (called "Principal"), plus interest in accordance with the terms of a Mortgage Note, dated December 20, 2021, (referred to as the "Note"). The Note provides for a yearly interest rate of 14.00%. All sums owed under the Note are due no later than **March 20, 2022**. All terms of the Note are made part of this Mortgage.

2. **Property Mortgaged.** The property mortgaged to the Lender (called the "Property") is located in the Township of Cheltenham, County of Montgomery, and Commonwealth of Pennsylvania. The property includes (a) the land; (b) all buildings that are now, or will be, located on the land; (c) all fixtures that are now, or will be, attached to the land or building(s) (for example, furnace, bathroom fixtures and kitchen cabinets); (d) all condemnation awards and insurance proceeds relating to the land and building(s) and (e) all other rights that I have, or will have, as owner of the Property. The legal description is:

    **LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**

3. **Rights Given to Lender.** I mortgage the Property to the Lender. This means that I give the Lender those rights stated in this Mortgage and also those rights the law gives to Lenders who hold mortgages on real property. When I pay all amounts due to the Lender under the Note and this Mortgage, the Lender's rights under this Mortgage will end. The Lender will then cancel this Mortgage at my expense.

4. **Promises.** I make the following promises to the Lender:

    a. Note and Mortgage. I will comply with all the terms of the Note and this Mortgage.
    b. Payments. I will make all payments required by the Note and this Mortgage.
    c. Ownership. I warrant title to the premises. This means I own the Property and will defend my ownership against all claims.
    d. Liens and Taxes. I will pay all liens, taxes, assessments and other government charges made against the Property when due. I will not claim any deduction from the taxable value of the Property because of this Mortgage. I will not claim any credit against the Principal and interest payable under this Note and this Mortgage for any taxes paid on the Property.

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
31-00-06934-00-1   CHELTENHAM TOWNSHIP
50 CLAYTON RD
NIC MARIE REALTY LLC                               $15.00
B 120   L   U 023   1132 01/11/2022                  JG

    e. **Insurance.** I must maintain extended coverage insurance on the Property. The Lender may also require that I maintain flood insurance or other type of insurance. The insurance companies, policies, amounts, and types of coverage must be acceptable to the lender. I will notify the Lender in the event of any substantial loss or damage. The Lender may then settle the claim on my behalf if I fail to do so. All payments from the insurance coverage must be payable to the Lender under a "standard mortgage clause" in the insurance policy. The Lender may use any proceeds to repair and restore the Property or to reduce the amount due under the Note and this Mortgage. This will not delay the due date for any payment under the Note and this Mortgage.

    f. **Repairs.** I will keep the Property in good repair, neither damaging not abandoning it. I will allow the Lender to inspect the Property upon reasonable notice to me.

    g. **Statement of Amount Due.** Upon request of the Lender, I will certify to the Lender in writing: (i) the amount due on the Note and this Mortgage, and (ii) whether or not I have any defense to my obligations under the Note and this Mortgage.

    h. **Rent.** I will not accept rent from any tenant for more than one month in advance.

    i. **Lawful Use.** I will use the Property in compliance with all laws, ordinances and other requirements of any governmental authority.

5. **Eminent Domain.** All or part of the Property may be taken by a government entity for public use. If this occurs, I agree that any compensation be given to the Lender. The Lender may use this to repair or restore the Property or to reduce the amount owed on the Note and this Mortgage. This will not delay the due date for any further payment under the Note and this Mortgage. Any remaining balance will be paid by me.

6. **Tax and Insurance Escrow.** If the lender requests, I will make regular monthly payments to the Lender of: (a) 1/12 of the yearly real estate taxes and assessments on the Property; and (b) 1/12 of the yearly cost of insurance on the Property. These payments will be held by the Lender without interest to pay the taxes, assessments and insurance premiums as they become due.

7. **Payments Made for Borrower(s).** If I do not make all of the repairs or payments as agreed in this Mortgage, the Lender may do so for me. The costs of these repairs and payments will be added to the Principal, will bear interest at the same rate provided in the Note and will be repaid to the Lender upon demand.

8. **Default:** Lender may declare that I am in default of the Note and this Mortgage if:
    a. I fail to make any payment required by the Note and this Mortgage within fifteen (15) days after its due date;
    b. I fail to keep other promises I make in this Mortgage;
    c. The ownership of the Property is changed for any reason;
    d. The holder of any lien on the Property starts foreclosure proceedings; or
    e. Bankruptcy, insolvency or receivership proceedings are started by or against any of the Borrowers.

9. **Payments Due Upon Default.** If the Lender declares that I am in default, I must immediately pay the full amount of all unpaid Principal, interest, other amounts due on the Note and this Mortgage and the Lender's costs of collection and reasonable attorneys' fees.

10. **Lender's Rights Upon Default.** If the Lender declares that the Note and this Mortgage are in default, the Lender will have all rights given by law or set forth in this Mortgage. This includes the right to do any one or more of the following:
    a. Take possession of and manage the Property, including the collection or rents and profits;
    b. Have a Court appoint a receiver to accept rent for the Property (I consent to this);
    c. Start a court action, known as foreclosure, which will result in a sale of the Property to reduce my obligations under the Note and this Mortgage; and
    d. Sue me for any money that I owe the Lender.

11. **Notices.** All notices must be in writing and personally delivered or sent by certified mail, return receipt requested to the address given in this Mortgage. Address changes may be made upon notice to the other party.

12. **No Waiver by Lender.** Lender may exercise any right under this Mortgage or under any law, even if the Lender has delayed in exercising that right or has agreed in an earlier instance not to exercise that right. Lender does not waive its right to declare that I am in default by making payments or incurring expenses on my half.

13. **Each Person Liable.** This Mortgage is legally binding upon each Borrower and all who succeed to their responsibilities (such as heirs and executors). The Lender may enforce any of the Provisions of the Note and this Mortgage against any one or more of the Borrowers who sign this Mortgage.

14. **No Oral Changes.** This Mortgage can only be changed by any agreement in writing signed by both the Borrower(s) and the Lender.

15. **Signatures.** I agree to the terms of this Mortgage. If the Borrower is a corporation, its property corporate officers sign and its corporate seal is affixed.

WITNESSED OR ATTESTED BY:

_Valerie A. Mason_ (signature)
Witness Valerie A. Mason

_Nicole M. Armond, member_ (signature)
NIC MARIE REALTY, LLC
by Nicole Armond

~~COMMONWEALTH~~ State of ~~PENNSYLVANIA~~ New Jersey
COUNTY OF ~~MONTGOMERY~~ Mercer      SS:

I CERTIFY that on DECEMBER 20, 2021, **NIC MARIE REALTY, LLC, by Nicole M. Armond, member**, personally came before me and stated to my satisfaction that each person: (a) was the maker of the attached instrument; and (b) executed this instrument as his or her own act.

_Valerie A. Mason_ (signature)
(NOTARY PUBLIC)

VALERIE A. MASON
NOTARY PUBLIC
STATE OF NEW JERSEY
Commission Expires Jan 26, 2024

**RECORD AND RETURN TO:**

**FOUNDATION ABSTRACT, LLC – HORSHAM**
1424 Easton Road, Suite 100
Horsham, Pennsylvania 19044

CERTIFICATE OF RESIDENCE OF MORTGAGEEE:

THE UNDERWSIGNED HEREBY CERTIFIED THAT: HE/SHE IS THE MORTGAGEE OR THE DULY AUTHORIZED ATTORNEY OR AGENT OF THE MORTGAGEE'S NAME IN THE WTHIN INSTRUMENT AND THE MORTGAGEE'S PRECISE RESIDENCE IS 4 PINEWOOD COURT, PRINCETON JUNCTION NEW JERSEY 08550

_____
SIGNATURE OF MORTGAGEE OR
MORTGAGEE'S DULY AUTHORIZED ATTORNEY OR AGENT

_____
TYPE OR PRINT NAME OF OMORTGAGEE OR
MORTGAGEE'S DULY ATHORIZED ATTORNEY OR AGENT

# EXHIBIT A
## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece of land with a double stone dwelling thereon erected, Situate in the Village of Edge Hill, Township of Cheltenham, Montgomery County, Pennsylvania.

BEGINNING at a point marking the intersection of the center line of East Avenue (33 feet wide) and the Westerly side line of Clayton Road (formerly Thompson Street), thence extending along the said side of Clayton Road (33 feet wide) South 10 degrees 50 minutes West One Hundred Thirty Eight and Five Tenths feet; thence extending North 79 degrees 10 minutes West Seventy Three and Eighteen one hundredths feet more or less to a wire fence separating this and another property belonging to the Grantors; thence by and along the same North 10 degrees 50 minutes East One Hundred Thirty Eight and Five-tenths feet to the middle line of East Avenue aforesaid; thence by and along the same South 79 degrees 10 minutes East Seventy Three and one tenths feet more or less to the said side of Clayton Road extended and place of beginning.

PARCEL NO. 31-00-06934-00-1