UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NICOLE M. ARMOND    :    CHAPTER 13
     Debtor        :
               :    BANKRUPTCY NO. 22-12962

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE MAGDELINE D. COLEMAN, CHIEF UNITED STATES BANKRUPTCY JUDGE:**

Comes now Emess Management dba RRG Castle Club Apartments, LP filing this Motion for Relief from the Automatic Stay ("Motion"), and in support thereof represents as follows:

1. On November 4, 2022, the Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.
2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361 and 362, and 28 U.S.C. 157 and 1334.
3. On August 3, 2015, the Debtor and Movant entered into a residential lease agreement for the property located at Apartment B209 Castle Club Apartments, 254 W. Trenton Avenue, Morrisville, PA 19067 (hereinafter "the leased property"), and which was renewed on March 17, 2023 (a copy of the Lease and renewal are attached hereto and incorporated herein as Exhibit "A").
4. The Debtor's account is past due for rent, fees and costs from November, 2022 through August, 2023, in the amount of $16,071.14.
5. Athough the Debtor's 1st Amended Plan was Confirmed on August 25, 2023 and it Assumed the lease agreement in Part 6, it failed to provide any funding to cure the default except for the remaining $104.00 per month left over for unsecured creditors.
6. The Debtor's Schedules I&J reflect only $87.00 in disposable income (which includes the expense of $1,300.00 for rent which has not been paid).

7. The Movant alleges that the automatic stay should be lifted for cause under 11 U.S.C. 362(d)(1) in that Movant lacks adequate protection of his interest in the leased property as evidenced by the following:

    (a) The Debtor is failing to make post-Petition payments to Movant ;

    (b) The Debtor has failed to provide Movant with adequate protection in that her Plan and income are insufficient to cure the arrears as required by 11 U.S.C. Section 365(b)(1) ; and

    (d) The Debtor has no equity in the leased property and it is not necessary to an effective reorganization pursuant to 11 U.S.C. 362(d)(2)(A) and (B).

**WHEREFORE**, the Movant respectfully requests that this Honorable Court grant the Motion so as to permit Movant to pursue its state court remedies to resume eviction proceedings and for such other relief as may be just and proper.

Respectfully submitted,

/s/Michael H. Kaliner
Michael H. Kaliner, Esquire
Attorney for Emess Management
**Adelstein & Kaliner, LLC**
3993 Huntingdon Pike, Suite 210
Huntingdon Valley, PA 19006
(215) 230-4250