November 27th, 2023

United States Bankruptcy Court
Eastern District of Pennsylvania



Bankruptcy No: 22-12962

RE: Request to Part Ways with my Current Bankruptcy Attorney, Brad Sadek, Esq., and any other Attorney from Sadek Law Firm that Has been Assigned to this Bankruptcy Case.

Dear Clerk - U.S. Bankruptcy Court:

I, Nicole Armond, Chapter 13 Debtor, am seeking guidance as to how to go about filing a motion to be released from Sadek Law Firm as a client. The lack of communication and the effort to keep me informed have been great issues. I've encountered tremendous setbacks due to either attorneys from this firm not responding to my concerns or inquiries, not addressing important matters as they pertain to my case, ignoring me, failure to advise me properly, not taking my current medical issues that impact my understanding seriously, and, lastly, providing dishonest communication. I do not currently have a plan to retain new counsel, as I'm not financially in a position to do this. It is my wish to part ways with the Sadek Law Firm after November 30, 2023 hearing date.

Before I outline my concerns in depth below, I'd like to disclose that I am a traumatic brain injury person, I have a complex cystic brain mass, and I have severe cognitive issues that affect my understanding of things and my actions. These are some of the reasons why I have a personal representative in place, Ontwon Smith, so as to help keep me in check and to help redirect me during my "off moments" and to help correct matters that I mess up on.
I also have a condition that affects my speaking ability at times.

These things have been communicated to those at Sadek Law Firm, including Brad Sadek, Esq., so as to keep my personal struggles transparent with the attorneys and to help make the bankruptcy process between counsel and client an easier one by trying to establish understanding.

Issues began on 1/10/23 when I reached out to Attorney Raymond Kempinski with Sadek Law Firm again after previous email attempts on 1/4/23 and 1/5/23 regarding my rent matter and a Recovery of Real Property Hearing Notice hearing that was scheduled for 1/12/23. Attorney Kempinski never replied to any of the emails, and Attorney Sadek did step in on an email communication dated 1/10/23 at 6:40 pm stating he'd call me the following day, 1/11/23. Ultimately, I had to have an outside attorney with the Southeastern PA Legal Aid Office step in to address and resolve my issue with the rent matter. I was encouraged then by non-legal parties to part ways with Sadek Law Firm. I passionately defended the Firm, noting to others that Attorney Sadek was an exceptional attorney, as I was a former client of his firm. And since the lack of communication was not done by Attorney Sadek himself, I decided to remain a client of the Firm.

The next issue was on 3/22/23, when I emailed Jennifer Phillips, Bankruptcy Paralegal, to be sure my medical note had been received by Attorney Raymond Kempinski, since he never replied to my email or guided me as to how to proceed with the Meeting of Creditors that was to be held this same day. It was bad enough that I only had a 1 day notice regarding this Meeting of Creditors, but to not get any response or clarity from Attorney Kempinski did upset me. Ms. Phillips did give me an update when I reached out via email on 3/22/23 at 9:16 am.

Issue 3 stemmed from an email from Jordan Winkler, Esq., on 6/15/23 at 12:01 pm, when I received notification that my Chapter 13 payment plan would be increasing to $505.00 per month. Though I didn't see it as an issue at that time and pretty much thought that it was a standard part of the bankruptcy process, my support circle told me that I was supposed to be informed before a new payment plan was confirmed on my behalf to be

sure I can agree to the new payment plan and to be sure that my financial source and I could afford it first. I didn't know this beforehand, and I clearly put my foot in my mouth by doing this. By the end of the month of June, circumstances changed for myself and for my financial source, and an email to Attorney Winkler asking if plan payments could be temporarily lowered was placed. I just gathered that the silence from the attorneys each time I asked about the request for lowered payments was due to them working something out on my behalf. I no longer feel this way in light of receiving absolutely no response or follow up at all since Attorney Winkler stated in his email to me dated 6/28/23 at 1:27 pm that he'd get back to me about modifying the plan to be temporarily lower.

The next issue I've had with Sadek Law Firm is regarding the Chapter 13 Standing Trustee's Motion for Dismissal due to "There has been unreasonable delay by debtor(s) that is prejudicial to creditors pursuant to 11 U.S.C. Section 1307 (c)(1)". This Motion notice was dated 6/16/23 with a scheduled hearing date of 7/20/23 at 9:30 am. I had questions and concerns regarding this notice and made those known via email on 7/18/23 at 1:34 pm to both Attorney Winkler and Attorney Sadek. Though Attorney Winkler provided a response, I wasn't sure what the next course of action would be since I didn't know what would happen with my Chapter 13 plan. My financial source and I thought we were supposed to be given an update about the outcome before resuming payments, especially since there was a pending Wage Order to Vacate attached to this Motion. I never received an outcome on this matter. Also, with the current Motion to Dismiss my Chapter 13 Bankruptcy Plan due to nonpayment, I find it concerning that I was not informed about where things stood with my case. Further, I was told by an outside Bankruptcy Law Firm, Cibik Law, on 11/20/23 that my case was confirmed in August of this year. I'm not happy that my own attorney's office never communicated this to me.

Lastly, and my one of my biggest issues: if I can recall correctly, during the first Motion for Relief hearing teleconference on 10/10/23, Attorney Brad Sadek stated that I decided to file an answer on this matter due to either

not being able to pay the rent arrears or satisfy a payment arrangement with Emess Management (please correct me if I'm wrong here because I do not want to give false information or unfairly accuse someone of a misdeed). This is totally untrue, as I specifically asked Attorney Sadek in an email dated 9/19/23 at 1:39 pm that most likely I wouldn't be able to attend the court hearing for this and if I should provide a written answer to the court and provide an explanation as to why I could not attend the hearing. In his email dated 9/19/23 at 2:00 pm, Attorney Brad Sadek stated " This is a payment Motion, only attend if you have the funds, otherwise an Order will ultimately be entered." Based on Attorney Brad Sadek's reply, I thought that I could not provide an answer and that I should only attend this hearing if I had payment. It wasn't until I received my own Motion notice from Adelstein & Kaliner, LLC via postal mail that the documents mentioned that I had an opportunity to have my views considered on the Motion. I was very upset with Attorney Brad Sadek for keeping this information from me, and I went on to provide a written statement to the Bankruptcy Court independently. Along with the included email evidence, I've attached snapshots of the pages of the Motion emailed to me by Attorney Brad J Sadek. It is very apparent that the "entire" Motion was not provided to me by Attorney Brad Sadek, as he only provided 2 pages and none contained instructions on providing an explanation to the Bankruptcy Court.

All information that I have put within this letter can be compared to the attached email communication for each incident for reference. Each email communication is highlighted to correspond with the incidents described within this letter.

Respectfully,

*[signature]*

Nicole Armond